UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| WAYNETTA J. LEACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:04-CV-514 |
| | ) | (VARLAN/GUYTON) |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule

72(b), Federal Rules of Civil Procedure, and the Rules of this Court for a report and

recommendation regarding the disposition by the District Court of the plaintiff's motion for

summary judgment [Doc. 14], and the defendant's motion for summary judgment. [Doc. 16].

Plaintiff Waynetta J. Leach seeks judicial review of the decision of the Administrative Law

Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1.  The claimant meets the nondisability
> requirements for a period of disability and disability
> insurance benefits set forth in Section 216(i) of the
> Social Security Act and is insured for benefits
> through the date of this decision.
>
> 2.  The claimant has not engaged in substantial
> gainful activity since the alleged onset of disability.
>
> 3.  The claimant's degenerative disk disease with
> L4-5 disk bulge; history of herniated nucleus
> pulposus at C6-7 - status post anterior cervical

discectomy and fusion; history of herniated nucleus pulposus at C5-6 - status post anterior cervical discectomy and fusion; foraminal stenosis of the lumbar spine; foraminal stenosis of the lumbar spine; history of cigarette abuse against medical advice; depressive disorder NOS; and personality disorder with dependent borderline traits; are considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(b).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant has the following residual functional capacity: to lift and carry 20 pounds occasionally and 10 pounds frequently.

7. The claimant's past relevant work as a secretary, a retail sales person, and escort driver did not require the performance of work-related activities precluded by her residual functional capacity (20 C.F.R. §§ 404.1565 and 416.965).

8. The claimant's medically determinable degenerative disk disease with L4-5 disk bulge; history of herniated nucleus pulposus at C6-7 - status post anterior cervical discectomy and fusion; history of herniated nucleus pulposus at C5-6 - status post anterior cervical discectomy and fusion; foraminal stenosis of the lumbar spine; history of cigarette abuse against medical advice; depressive disorder NOS; and personality disorder with dependent borderline traits; do not prevent the claimant from performing her past relevant work.

2

> 9. The claimant was not "disabled" as defined in
> the Social Security Act, at any time through the date
> of the decision (20 C.F.R. §§ 404.1520(f) and
> 416.920(f)).

(Tr. 19-20).

If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. 42 U.S.C. § 405(g). See Siterlet v. Secretary of Health and Human Services, 823 F.2d 918, 920 (6th Cir. 1987); Landsaw v. Secretary of Health & Human Services, 803 F.2d 211, 213 (6th Cir. 1986). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. See Crisp v. Secretary of Health & Human Services, 790 F.2d 450, 453 n.4 (6th Cir. 1986); see also Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986) (unless the court is persuaded that the Secretary's findings are "legally insufficient," they should not be disturbed); Siterlet, 823 F.2d at 920. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Siterlet, 823 F.2d at 920 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971)).

On appeal, plaintiff contends that the ALJ erred in finding that she has the residual functional capacity ("RFC") to perform light work, arguing that her postural and mental limitations preclude her from performing past work. Specifically, she argues that the ALJ erred in relying on the opinion of state agency, reviewing physician Dr. Moore because Dr. Moore did not incorporate into his RFC analysis the postural limitations noted by consultative examiner Dr. Summers. Plaintiff maintains that she cannot perform the jobs she did previously due to her

medical condition, particularly the pain and limitation of motion attributable to her cervical impairment, arguing that the evidence not only reflects continuing cervical pain but also documents objective evidence of restriction in turning her head and lifting above the shoulder level, as reported by Dr. Summers (Tr. 260), and noting that the secretary and escort-vehicle driver jobs were precluded by these restrictions. Plaintiff argues that the secretary job requires the worker to often lift above the shoulder level for filing and entails frequent reaching and handling and that the escort-vehicle driver job requires frequent turning of the head for coordination of traffic around the escorted vehicle.

Furthermore, plaintiff contends that the ALJ omitted any reference whatsoever to mental restrictions in his determination of her RFC. Plaintiff cites the consultative psychological examination by Ms. Garland, a licensed psychological examiner, and Dr. Seidner, a licensed clinical psychologist, in which they found restrictions in an ability to persist on task, maintain attention/concentration, and deal with the public (Tr. 273) and cites state agency, reviewing psychologist Dr. Abraham who assessed restrictions in the ability to persist on task, maintain attention/concentration and deal with the public. (Tr. 275-91). Thus, plaintiff contends that the ALJ's failure to consider her mental restrictions in his RFC finding resulted in a Step 4 determination not supported by substantial evidence.

The Commissioner contends that plaintiff is in error because the ALJ did not rely on, or even cite, Dr. Moore's May 2002 evaluative opinion in determining plaintiff's physical RFC, although he did note that a November 2000 assessment by Dr. Moore (Tr. 236-43), made in connection with a prior application for benefits by plaintiff, concluded that plaintiff could

4

perform light work and that this was part of a longitudinal record reflecting an ability to perform

light work. (Tr. 18). The Commissioner maintains that the ALJ's RFC determination relied on a

variety of objective medical evidence and opinions: the January 2004 functional capacity

evaluation, which found that plaintiff could lift 20 pounds occasionally and 15 pounds

frequently, which is consistent with light work (Tr. 363-64); plaintiff's testimony that she could

stand for 30-40 minutes at a time (Tr. 15-16, 363, 441); Dr. Summers' consultative examination

and his conclusion that she would be precluded from strenuous exertion, she would have

difficulty turning her head on a repetitive basis due to a mild to moderate decrease in cervical

range of motion, and she would have difficulty lifting her arms above her head on a repetitive

basis, but had a normal gait and normal muscle tone and strength (Tr. 16, 258-61); Dr. Amadeo's

neurological examination of plaintiff, which showed that she had normal motor strength, a

normal gait, normal and painless range of motion in her back, and moderately severe tenderness

resulting in a somewhat reduced range of motion in her neck (Tr. 15-16, 417); plaintiff's January

2004 statements to Dr. Amadeo about her back pain were inconsistent with statements she made

to nurse practitioner Brock and with her alleged August 1, 2001 onset date (Tr. 18, 420-23); and

plaintiff's report of her daily activities to psychological examiner Garland was inconsistent with

her testimony at the administrative hearing. (Tr. 18). Therefore, the Commissioner maintains

that the ALJ's finding that plaintiff's back pain limited her to light work was consistent with the

longitudinal record of plaintiff's condition, the consultative opinion of Dr. Summers, and the

results of the functional capacity examination, thereby overriding the opinion of disability by

nurse practitioner Brock, who is not an acceptable medical source. (Tr. 18, 258-61, 363-65).

Moreover, the Commissioner contends that although plaintiff insists that she could not return to her secretarial work because it frequently required her to lift her arms above shoulder level, neither Dr. Summers nor the functional capacity examination imposed any restrictions in reaching, handling, or fingering. (Tr. 258-61, 363-64). Furthermore, the Commissioner asserts that although plaintiff suggests that Dr. Summers found she was precluded from work that required her to raise her arms above the shoulder level, Dr. Summers actually stated that plaintiff would "have difficulty lifting her arms above shoulder level on a repetitive basis." (Tr. 258-61). The Commissioner insists that the ALJ found that plaintiff could perform the job of administrative secretary as the job is performed in the national economy, and that the Dictionary of Occupational Titles ("DOT") does not indicate that the position of administrative secretary, DOT 169.167-014, requires repetitive raising of the arms above the shoulder level and requires only sedentary exertion, which is less than the ALJ found plaintiff could perform.

Similarly, the Commissioner maintains that plaintiff's argument that she could not drive because it was painful for her to turn her head while driving is without merit because the DOT does not indicate that the physical demands of the job of escort-vehicle driver, 919.663-022, include frequent twisting. She acknowledges that while both Dr. Summers and Dr. Amadeo observed that neck pain resulted in a somewhat decreased range of motion in plaintiff's neck, neither they nor the occupational therapist who performed the functional capacity examination precluded plaintiff from any work that involved turning her head.

With respect to plaintiff's mental impairments, the Commissioner insists that the ALJ acknowledged that plaintiff's depressive disorder and personality disorder constituted

6

severe impairments. (Tr. 19). However, she asserts that the ALJ also noted the findings of psychological examiner Ms. Garland and psychologist Dr. Seidner that plaintiff could manage her own funds, was not significantly limited in her ability to perform complex and detailed work, was able to get along with others, was not significantly limited in her ability to adapt, and displayed fair concentration and short-term memory. (Tr. 17, 273-74).

The burden is on plaintiff through Step 4 of the evaluation process. 20 C.F.R. § 404.704. At Step 4, the ALJ compares the plaintiff's RFC to the requirements of her past work and determines whether the past work required her to perform activities in excess of her RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the plaintiff's past work does not require her to perform activities in excess of her RFC, she is not disabled. 20 C.F.R. §§ 404.1560(b), 416.960(b).

I find the Commissioner's arguments persuasive. As she points out, plaintiff incorrectly argues that the ALJ relied on the opinion of Dr. Moore, when he actually referred to Dr. Moore's report that was used in plaintiff's first application for benefits. (Tr. 18). With respect to plaintiff's past jobs, I also agree with the Commissioner. As the Commissioner points out, Dr. Summers' restrictions do not preclude the plaintiff from performing the jobs of secretary, 169.167-014, and escort-vehicle driver, 919.663-022, as described in the DOT.

Plaintiff must not only establish the existence of a medically diagnosed mental impairment, but also must prove its severity and functional impact. Foster v. Bowen, 853 F.2d 483, 489 (6th Cir. 1988). Plaintiff has done neither. The record is devoid of any mental health treatment, and the psychological assessments contained in the record do not indicate a disabling

mental impairment.  Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997) (plaintiff's lack of mental health treatment undermines her allegation that she has a mental condition which precludes the performance of jobs identified by the VE.).

As the Commissioner argues, the functional capacity evaluation, plaintiff's testimony, and the opinions of Dr. Summers and Dr. Amadeo support the ALJ's determination that plaintiff could perform light work. Based upon the foregoing, I find that the ALJ reasonably concluded that plaintiff did not have a disabling physical or mental impairment and that she could perform her past relevant work.  (Tr. 20)  Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 247 (6th Cir. 1987) (ALJ's function is to determine what medical restrictions a plaintiff is under and how such restrictions affect her RFC.).

Therefore, it is **RECOMMENDED**[1] that the plaintiff's motion for summary judgment [Doc. 14] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 16] be **GRANTED**.

Respectfully submitted,

_____s/H. Bruce Guyton_____
United States Magistrate Judge

---

[1]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general.  Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).