UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| WAYNETTA J. LEACH, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:04-CV-514 |
| | ) | | (VARLAN/GUYTON) |
| JO ANNE B. BARNHART, | ) | | |
| Commissioner of Social Security, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of plaintiff's objections [Doc. 19] to the report and recommendation filed by United States Magistrate Judge H. Bruce Guyton [Doc. 18] on January 30, 2006. Magistrate Judge Guyton found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment [Doc. 14] be denied and that defendant Commissioner's motion for summary judgment [Doc. 16] be granted.

The Court considers only specific objections to the magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989) (citations omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. In considering the plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff first objects to Judge Guyton's determination that the ALJ properly concluded that a full range of light exertion was supported by substantial evidence. Plaintiff claims that the ALJ failed to consider restrictions in her ability to turn her head and reach above shoulder level and that the ALJ failed to offer any factually accurate rationale for omitting these restrictions. The Court has reviewed the ALJ's opinion as well as the R&R on this point. The ALJ noted that the functional capacity examination found that "due to mild to moderate decrease in cervical range of motion, the claimant would have difficulty twisting or turning her head, and elevating her arms above the shoulder level on a repetitive basis." (Tr. at 16.) The Court also notes that the ALJ found that an assessment that plaintiff was capable of medium exertion was "overly optimistic" in light of her neck pain and fatigue from hyperthyroidism. (Tr. at 18.) Thus, it appears that the ALJ did consider plaintiff's restrictions in determining that she was capable of light exertion. This objection will be overruled.

Plaintiff's second objection is that Judge Guyton erred in finding that the residual functional capacity (RFC) determined by the ALJ is consistent with the consultative opinion of Dr. Summers.

2

As noted above, Dr. Summers concluded that claimant would have difficulty twisting or turning her head, and elevating her arms above the shoulder level on a repetitive basis. (Tr. at 258.) After noting these limitations along with plaintiff's other medical history, the ALJ specifically stated that he was considering all medical opinions from acceptable medical sources which reflect judgments about the nature and severity of the impairments and resulting limitations. (Tr. at 18.) Thus, the ALJ found that plaintiff retains the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently. (*Id*.)

It is the function of the ALJ to determine what medical restrictions a plaintiff has and how they affect her residual functional capacity. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987); 20 C.F.R. § 404.1546(c). The record reflects that both the ALJ and Judge Guyton considered Dr. Summers' opinion and that his evaluation contributed to the ALJ's conclusion that plaintiff could perform light work rather than medium work. The Court also notes that Dr. Summers opined that plaintiff would have *difficulty* with activities involving twisting and turning of her head and *difficulty* elevating her arms above shoulder level *on a repetitive basis*. Dr. Summers did not preclude plaintiff from ever performing these activities. Thus, the Court finds that Judge Guyton correctly analyzed the evidence and did not err in agreeing with the ALJ's RFC.

Plaintiff's third objection is that Judge Guyton erred in finding that the reports of Drs. Summers and Amadeo fail to show that the claimant would be precluded from work that involves turning her head. As noted previously, Dr. Summers did not preclude plaintiff from performing activities that involved turning her head. The Court has reviewed Dr. Amadeo's records (Tr. at 417-423) and finds that he does not express any opinion as to the type of work plaintiff can or cannot perform. Therefore, this objection will be overruled.

Finally, plaintiff objects to Judge Guyton's determination that the ALJ properly concluded that her mental impairment is not severe. Plaintiff contends that this finding is in direct conflict with the assessments of Alice Garland, under the supervision of Dr. Seidner, and Dr. Abraham. The Court disagrees. As noted by Judge Guyton, the record contains no history of mental health treatment and the assessments of Garland/Seidner and Abraham do not indicate a disabling condition. *See Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997) (plaintiff's failure to seek medical treatment for mental or emotional problems undermines his claim that he is disabled). Indeed, the Garland/Seidner evaluation concluded that plaintiff was "not ... significantly limited in her ability to do complex and detailed work." (Tr. at 273.) This objection will be overruled.

Finding no error in the report and recommendation, the Court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant's motion for summary judgment; affirm the defendant Commissioner's decision in this case denying plaintiff's application for disability insurance benefits and supplemental security income; and dismiss this case. An order reflecting this opinion will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE